IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) ) | |
| Plaintiff, | ) | C.A. No.: 07-346 SLR |
| v. | ) | |
| MECHANICAL INTEGRITY, INC., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## DEFENDANT'S  MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT

COMES NOW, Defendant, Mechanical Integrity, Inc., by and through its undersigned counsel, and moves this Court for an Order granting leave to file a Third Party Complaint against Mike Walker and NDT Equipment Services LTD.  In support thereof, Defendant avers the following:

1.      The Plaintiff filed a Complaint alleging that Defendant, Mechanical Integrity, Inc., failed to conduct a proper inspection of the pipeline at DuPont's Louisville, which is used to carry chloroform.  See copy of the Complaint attached hereto as Exhibit "A".

2.      Defendant, Mechanical Integrity, Inc., subcontracted with Mike Walker and NDT Equipment Services LTD, as an independent contractor, to inspect the DuPont Louisville, Kentucky pipeline.

3.      Mike Walker and NDT Equipment Services LTD had a duty to properly inspect the pipeline at DuPont's Louisville, Kentucky facility.

4.      Mike Walker and NDT Equipment Services LTD had impliedly warranted that all work performed under its agreement with Mechanical Integrity, Inc. would be free from defect performed in accordance with industry standards in a workmanlike manner and was fit and suitable for Mechanical Integrity, Inc.'s intended purpose.

5.      If Plaintiff's claims are proven true, Mike Walker and NDT Equipment Services LTD's breach of contract and/or negligence and/or breach of warranty and/or misrepresentation proximately caused Plaintiff's claimed injuries.

6.      If Plaintiff's claims are proven true, due to Mike Walker and NDT Equipment Services LTD's breach of contract and/or negligence and/or breach of warranty and/or misrepresentation, Plaintiff suffered damages. Mechanical Integrity, Inc. is entitled to indemnification and contribution from Mike Walker and NDT Equipment Services LTD for the claims of Dupont.

7.      A copy of the proposed Third Party Complaint is attached as Exhibit "B".

8.      Original defendants may file a Third Party Complaint under Federal Civil Procedure Rule 14, which describes third party practice, upon obtaining leave on motion. See Federal Civil Procedure Rule 14. Rule 14 was intended to be a way to bring a person not already a party into an existing action when the original defendant claims that the new party is or may be liable for all or part of plaintiff's claims. *McMichael v. Delaware Coach Co.*, 107 A.2d 895 (Del. 1954).

**WHEREFORE**, Defendant, Mechanical Integrity, Inc. , hereby moves this Court for an Order allowing it leave to file a Third Party Complaint against Mike Walker and NDT Equipment Services LTD.

REGER RIZZO KAVULICH & DARNALL LLP

*/s/ Louis J. Rizzo, Jr., Esquire*
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No. 3374
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Dated:    October 1, 2007          Attorney for Defendant Mechanical Integrity, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 07-346 SLR |
| v. | ) | |
| | ) | |
| MECHANICAL INTEGRITY, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**ORDER**

**NOW** this _____ day of _____, 2007, upon consideration of Defendant's

Motion for Leave to File a Third Party Complaint, and any response thereto;

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to File a Third Party

Complaint has been **GRANTED**.

**BY THE COURT:**


_____

**The Honorable Sue L. Robinson**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Plaintiff, | ) | C.A. No.: 07-346 SLR |
| v. | ) ) | |
| MECHANICAL INTEGRITY, INC., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify on this 1st day of October, 2007 that a true and correct copy of Defendant's Motion for Leave to File a Third Party Complaint has been served electronically and by first class mail, postage prepaid, to the following:

Kathleen Furey McDonough, Esquire
Sarah E. DiLuzio, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899

REGER RIZZO KAVULICH & DARNALL LLP


*/s/ Louis J. Rizzo, Jr., Esquire*
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No. 3374
1001 Jefferson Plaza, Suite 202
Wilmington, DE  19801
(302) 652-3611
Attorney for Defendant Mechanical Integrity, Inc.

Dated:   October 1, 2007

# EXHIBIT "A"

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

E. I. DUPONT DE NEMOURS AND COMPANY,

## DEFENDANTS

MECHANICAL INTEGRITY, INC.

(b) County of Residence of First Listed Plaintiff  New Castle County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Kathleen Furey McDonough (I.D. #2395) (302) 984-6000
Sarah E. DiLuzio, (I.D. #4085)
Potter Anderson & Corroon LLP, P. O. Box 951
Wilmington, DE 19801

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | [ ] 423 Withdrawal | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury— | of Property 21 USC | 28 USC 157 | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | PROPERTY RIGHTS | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 820 Copyrights | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 830 Patent | [ ] 810 Selective Service |
| Student Loans | [ ] 340 Marine | PERSONAL PROPERTY | Safety/Health | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | Exchange |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 875 Customer Challenge |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [x] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt. Reporting | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | & Disclosure Act | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff | [ ] 900 Appeal of Fee Determination |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | Habeas Corpus: | | or Defendant) | Under Equal Access to |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | | Justice |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party | [ ] 950 Constitutionality of |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | [ ] 550 Civil Rights | Security Act | | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action for breach of contract, misrepresentation and fraud. Jurisdiction exists pursuant to 28 U.S.C. Section 1332.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $2,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE 6/1/07

SIGNATURE OF ATTORNEY OF RECORD    Sarah E. DiLuzio

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. ___0 7 - 3 4 6___ |
| MECHANICAL INTEGRITY, INC., | ) ) |
| Defendant. | ) ) |

2007 JUN -1 PM 1:03
FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### DISCLOSURE OF E. I. DU PONT DE NEMOURS AND COMPANY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1

Pursuant to Fed. R. Civ. P. 7.1, Plaintiff E. I. du Pont de Nemours and Company, by and through its undersigned attorneys, hereby certifies as follows:

Plaintiff E. I. du Pont de Nemours and Company ("DuPont") is a publicly traded corporation organized and existing under the laws of the State of Delaware. DuPont has no parent company or corporation that owns 10% or more of DuPont's stock.

POTTER ANDERSON & CORROON LLP

By: _____
Kathleen Furey McDonough (I.D. # 2395)
Sarah E. DiLuzio (I.D. # 4085)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19801
Telephone: (302) 984-6000

*Attorneys for Plaintiff*
*E. I. du Pont de Nemours and Company*

Dated: June 1, 2007
798886v1/20120-435

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of    ·               Delaware

E. I. DUPONT DE NEMOURS AND
COMPANY,

                **SUMMONS IN A CIVIL CASE**

V.

MECHANICAL INTEGRITY, INC.

CASE NUMBER:   **0 7 - 3 4 6**

TO: (Name and address of Defendant)

    Mechanical Integrity, Inc.         Mechanical Integrity, Inc.
    c/o Secretary of State            1423 First Street, Suite A
    State of Delaware               Humble, Texas 77338
    Townsend Building
    Dover, DE

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Kathleen Furey McDonough (I.D. #2395)
    Sarah E. DiLuzio, Esquire (I.D. #4085)
    Potter Anderson & Corroon LLP
    Hercules Plaza, P. O. Box 951
    Wilmington, DE 19899.
    (302) 984-6000

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

## PETER T. DALLEO

JUN 0 1 2007

CLERK                                   DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☐ Other (specify): _____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____  _____
       Date       *Signature of Server*

           _____
           *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2007 JUN -1 PM 1:03

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

E. I. DU PONT DE NEMOURS AND )
COMPANY, )
                          )         C.A. No.    0 7 - 3 4 6
         Plaintiff, )
                           )
     v. )
                           )         Jury Trial Demanded
MECHANICAL INTEGRITY, INC., )
                           )
         Defendant. )

## COMPLAINT

Plaintiff E. I. du Pont de Nemours and Company ("DuPont"), as and for its complaint

against Defendant Mechanical Integrity Inc. ("MI" or "Defendant"), alleges as follows:

### Nature of the Action

1.      This is an action for breach of contract, misrepresentation and fraud, based upon a

March 2004 contract between DuPont and MI. Pursuant to that contract, Defendant MI was

required to perform an inspection of approximately 3,600 feet of pipeline used to carry

chloroform to DuPont's Louisville, Kentucky facility. Due to MI's failure to properly conduct

the inspection, a serious leak in the pipeline caused a chloroform leak and DuPont was forced to

expend over $2,000,000.00 to remediate the area where the leak occurred.

### The Parties

2.      Plaintiff DuPont is a Delaware corporation with its principal place of business

located at 1007 Market Street, Wilmington, Delaware 19898.

3.      Defendant MI is a Texas corporation with its principal place of business located at

1423 First Street, Suite A, Humble, Texas 77338.

## Jurisdiction And Venue

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.
§ 1332, because diversity of citizenship exists between the plaintiff and defendant, and the
damages DuPont has sustained exceed $75,000.

5.     The Court has personal jurisdiction over the defendant pursuant to 10 *Del. C.* §
3104, because the parties' contract contains a provision whereby MI consented and submitted
exclusively to the jurisdiction and service of process of the courts of the State of Delaware or the
courts of the United States located in Delaware. (Ex. A ¶ 39).

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) because the
defendant is subject to personal jurisdiction in this District.

## Facts

7.     DuPont's Plant in Louisville Kentucky manufactures neoprene, or synthetic
rubber, as well as ozone-safe, non-chlorofluorocarbon substitutes such as Suva® refrigerants and
Dymel® propellants.

8.     On or about February 2, 2004, DuPont and MI entered into a contract, Purchase
Order No. 4500104098, whereby MI agreed to perform a "guided wave" ultrasonic inspection on
a four-inch diameter chloroform pipeline supplying the Louisville Plant. (P.O. No. 4500104098
is attached hereto as Exhibit A.) The Purchase Order expressly attached and incorporated
DuPont's General Conditions. (Ex. A.) Together, the Purchase Order and the General
Conditions comprise the contract between DuPont and MI (the "Contract").

9.     The pipeline which was to be inspected is approximately 3,600 feet long and is
used to transport chloroform, a potentially environmentally hazardous material, from a
contracted storage facility to the Louisville Plant.

2

10.    A portion of the pipeline traverses an adjacent site owned by Rohm and Haas Company, where it is routed under several road and railroad track crossings. Because these crossings prevent conventional inspection protocols from being used to assess the pipeline's condition, DuPont contracted with MI to utilize long-range ultrasonic technology as a screening tool to locate and characterize any defects in the pipeline.

11.    MI was aware that one of the purposes of the inspection was for DuPont to identify repair work that needed to be performed on the pipeline during the scheduled Louisville Plant shutdown in April 2004.

12.    MI conducted its inspection from March 31 through April 1, 2004, and was paid $13,429.97 by DuPont for these services.

13.    Following its inspection, MI issued an Inspection Report detailing its findings. (The "Report" which is attached as Ex. B.) The Report divided the pipeline into fifteen sections for purposes of the inspection and placed each section into one of three categories. A designation of Category 1 meant that the pipeline had less than 20% wall loss; Category 2 meant there was 20% to 50% wall loss, and Category 3 meant greater than 50% wall loss. Eleven of the sections were deemed by MI to fall into Category 1 and showed "no significant areas of concern"; four sections were deemed by MI to be Category 2 with "minor indications" of wall loss on the pipeline, and no section was designated by MI as being so deteriorated as to fall into Category 3.

14.    In reliance on MI's Inspection Report, in April 2004 DuPont repaired two of the areas of the pipeline that MI had designated as "Category 2," which showed some evidence of corrosion.

3

15.     On November 3, 2005, DuPont entered into another contract with MI, Purchase Order No. 4500405916, to perform a follow-up inspection of the pipeline. (Purchase Order No. 4500405916 is attached as Ex. C.) That inspection was scheduled to take place November 17-19, 2005.

16.     On November 18, 2005, a chloroform leak was discovered on a section of the pipeline that was previously inspected by MI and/or which MI reported to be within Category 1 and having "no significant areas of concern." The leak was found beneath a road crossing on the Rohm and Haas site.

17.     Because chloroform is a toxic material, as soon as the leak was observed, DuPont immediately initiated emergency response procedures and shut down the Louisville Plant's operations in an attempt to mitigate the leak. Despite DuPont's swift response, contamination of the soil and surface water could not be prevented.

18.     As a result of the chloroform leak, DuPont had to expend over $2,029,462.21 to remediate the soil and surface water adjacent to the spill location, as well as repair the pipeline.

19.     The external condition of the pipeline was so deteriorated that the corrosion of the pipe wall had to have been present, in a substantial degree, in March of 2004. Thus, MI's 2004 Inspection Report misrepresented the integrity of that section of the pipeline.

20.     When confronted with this discrepancy, MI admitted that, contrary to its Inspection Report, it did not inspect the area of the pipe where the leak occurred.

21.     Had MI properly inspected the area of the pipeline where the leak occurred, and reported its deteriorated condition to DuPont, DuPont would have immediately repaired the pipe, as was done with the pipe sections designated as Category 2. Thus, the chloroform leak would have been avoided.

4

22.    MI's failure to adequately inspect the pipeline and/or truthfully report its conduct to DuPont directly caused to the failure of the pipe wall and the resultant leak of chloroform.

## COUNT I: BREACH OF CONTRACT

23.    DuPont repeats and realleges paragraphs 1 through 22 above as if fully set forth herein.

24.    Defendant MI is bound by the terms of the Contract, which required it to inspect all 3,600 feet of the pipeline specifically identified in the Contract, and accurately report its findings.

25.    MI breached its obligation by failing to adequately inspect the area of the pipeline where the leak occurred, and/or by reporting, inaccurately, that the pipe was in good condition at that location.

26.    As a result of MI's breach of the terms of the Contract, DuPont has suffered damages in excess of $2,000,000.00.

## COUNT II: FRAUD
### (Pled in the Alternative)

27.    DuPont repeats and realleges paragraphs 1 through 26 above as if fully set forth herein.

28.    By virtue of the parties' Contract, MI had a duty to truthfully disclose the scope and results of its inspection of the pipeline.

29.    MI's Inspection Report falsely represented the condition of the pipeline where the leak occurred or, at the very least, omitted the fact that MI did not properly inspect the subject area of the pipeline.

30.    MI knew that the misrepresentations contained in the Inspection Report were false, and/or made the misrepresentation with reckless indifference to its truth.

5

31.    MI was aware that DuPont intended to rely upon the Inspection Report to identify repairs to the pipeline and, by issuing a false Inspection Report, MI intended to induce DuPont to refrain from conducting all necessary repairs.

32.    DuPont acted in justifiable reliance on the representations contained in the Inspection Report.

33.    As a result of its reliance on the false report, DuPont has suffered damages in excess of $2,000,000.00.

### COUNT III:  INTENTIONAL MISREPRESENTATION
#### (Pled in the Alternative)

34.    DuPont repeats and realleges paragraphs 1 through 33 above as if fully set forth herein.

35.    MI deliberately concealed the fact that it did not inspect the area of the pipeline where the leak occurred and/or failed to accurately report the condition of the pipeline, despite its obligation to do so.

36.    The condition of the pipeline at all points along the 3,600 foot corridor was material, and, indeed, constituted the sole purpose of the parties' contract.

37.    MI acted with scienter because it knew that its Inspection Report contained false information about the integrity of the pipeline.

38.    MI was aware that DuPont intended to rely upon the Inspection Report to identify repairs to the pipeline.  By issuing a false Inspection Report, MI intended to induce DuPont to refrain from conducting all necessary repairs.

39.    DuPont acted in justifiable reliance on the representations contained in the Inspection Report.

6

40.     As a result of MI's concealment, DuPont has suffered damages in excess of $2,000,000.00.

## COUNT IV:  NEGLIGENT MISREPRESENTATION
### (Pled in the Alternative)

41.     DuPont repeats and realleges paragraphs 1 through 40 above as if fully set forth herein.

42.     By virtue of the parties' Contract, MI had a duty to truthfully disclose the scope and results of its inspection of the pipeline.

43.     MI's Inspection Report falsely represented the condition of the pipeline where the leak occurred or, at the very least, omitted the fact that MI did not properly inspect the subject area of the pipeline.

44.     MI failed to exercise reasonable care in conducting its inspection and in communicating the results of its inspection to DuPont.

45.     MI was aware that DuPont intended to rely upon the Inspection Report to identify repairs to the pipeline.

46.     DuPont acted in justifiable reliance on the representations contained in the Inspection Report.

47.     As a result of its justifiable reliance on the false report, DuPont has suffered damages in excess of $2,000,000.00.

## PRAYER FOR RELIEF

DuPont respectfully requests that this Court enter judgment in favor of DuPont, as follows:

(a)  against defendant MI for damages in the amount of at least $2,029,462.21;

7

(b) against defendant MI for pre- and post-judgment interest on the sum of all damages awarded to DuPont against the defendant;

(c) against defendant MI for punitive damages based on its reckless and/or intentional conduct;

(d) against defendant MI for the fees and costs incurred in asserting this action, including attorneys' fees; and

(d) such other and further relief the Court may deem just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: _____
Kathleen Furey McDonough (I.D. # 2395)
Sarah E. DiLuzio (I.D. # 4085)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19801
Telephone: (302) 984-6000

*Attorneys for Plaintiff*
*E. I. du Pont de Nemours and Company*

Dated: June 1, 2007
790808v4/20120-435

8

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No.: 07-346 SLR |
| v. | ) ) | JURY TRIAL DEMANDED |
| MECHANICAL INTEGRITY, INC., | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S THIRD PARTY COMPLAINT AGAINST MIKE WALKER AND NDT EQUIPMENT SERVICES LTD

1.      Defendant/Third Party Plaintiff, Mechanical Integrity, Inc., hereinafter referred to as "Mechanical" is a Texas corporation with its principal place of business located at 1423 First Street, Suite A, Humble, Texas 77338.

2.      Third Party Defendant, Mike Walker, is a sole proprietor doing business as NDT Equipment Services (hereinafter referred to as "Walker").

3.      NDT Equipment Services LTD (hereinafter referred to as "NDT") is a corporation or other legal entity, which maintains its offices at 157 Central Avenue Cleveland, United Kingdom.

4.      The Plaintiff filed a Complaint alleging that Defendant Mechanical failed to conduct a proper inspection of the pipeline at DuPont's Louisville, which is used to carry chloroform. See copy of the Complaint attached hereto as Exhibit "A".

5.      Defendant Mechanical subcontracted with Walker and/or NDT, as an independent contractor, to inspect the DuPont Louisville, Kentucky pipeline.

6.      On or about March 31, 2004 through April 1, 2004, Walker and/or NDT, as an independent contractor for Mechanical, conducted an inspection of the pipeline at DuPont Louisville,

Kentucky facility.

7.    Walker and/or NDT drafted an Inspection Report for Mechanical, which Mechanical relied upon when drafting their Inspection Report for DuPont. See Walker and/or NDT's Inspection Report, attached hereto as Exhibit "B".

8.    If Plaintiff's claims are proven true, due to Walker and/or NDT Equipment Services LTD's breach of contract and/or negligence and/or breach of warranty and/or misrepresentation, Plaintiff suffered damages.

## COUNT I BREACH OF CONTRACT

9.    Third Party Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 8.

10.    Third Party Defendant Mechanical had a contract with Walker and/or NDT to inspect the pipeline at DuPont Louisville, Kentucky facility.

11.    If Plaintiff's claims are proven true, Third Party Defendant Walker and/or NDT breached that contract by failing to properly inspect Plaintiff's Louisville, Kentucky pipeline.

12.    If Plaintiff's claims are proven true, as a direct and proximate result of the breach, Plaintiff has suffered damages.

## COUNT II NEGLIGENCE

13.    Third Party Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 12.

14.    Third Party Defendants Walker and/or NDT had a duty to properly inspect Plaintiff's Louisville, Kentucky pipeline.

15.    If Plaintiff's claims are proven true, Third Party Defendant Walker and/or NDT knew or should have known that there were defects with the pipeline.

16.     If Plaintiff's claims are proven true, Walker and/or NDT breached their duty by negligently:

        a.      improperly inspecting the DuPont Louisville, Kentucky pipeline; and

        b.      failing to report the problem as requested and contracted by Plaintiffs and/or Third Party Plaintiffs.

17.     If Plaintiff's claims are proven true, as a direct and proximate result of Third Party Defendants' negligence, Plaintiffs have suffered and will continue to suffer damages.

## COUNT III BREACH OF WARRANTY

18.     Third Party Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 17.

19.     Walker and/or NDT impliedly warranted that all work performed under its contract with Mechanical would be free from defect performed in accordance with industry standards in a workmanlike manner and was fit and suitable for Mechanical's intended purpose.

20.     By reason of the above described acts and omissions as set forth in Count I and II, if Plaintiff's claims are proven true, Third Party Defendants Walker and/or NDT breached their implied warranty.

21.     If Plaintiff's claims are proven true, as a direct and proximate result of the breach, Plaintiffs have suffered damages and will continue to suffer damages.

## COUNT IV: NEGLIGENT MISREPRESENTATION

22.     Third Party Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21.

23.     By virtue of Mechanical's contract, Walker and/or NDT had a duty to truthfully disclose the scope and results of its inspection of the pipeline.

24.    If Plaintiff's claims are proven true, Walker and/or NDT's inspection report falsely represented the condition of the pipeline where the leak occurred or, at the very least, omitted the fact that NDT did not properly inspect the subject area of the pipeline.

25.    If Plaintiff's claims are proven true, Walker and/or NDT failed to exercise reasonable care in conducting its inspection and in communicating the results of its inspection to Mechanical.

26.    If Plaintiff's claims are proven true, Walker and/or NDT was aware that Mechanical intended to rely upon the inspection report to identify repairs to the pipeline to DuPont.

27.    If Plaintiff's claims are proven true, Mechanical acted in justifiable reliance on the representations contained in the inspection report.

28.    If Plaintiff's claims are proven true, as justifiable reliance on the false report, Plaintiff has suffered damages.

**WHEREFORE**, Third Party Plaintiffs demand judgment in its favor and against Third Party Defendant, and award an amount to compensate Third Party Plaintiffs for the expenses incurred, pre and post-judgment interest, costs of this litigation, attorney's fees and any other damages which the Court deems to be reasonable and just.

REGER RIZZO KAVULICH & DARNALL LLP


*/s/ Louis J. Rizzo, Jr., Esquire*
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No. 3374
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant/Third Party Plaintiff
Mechanical Integrity, Inc.

Dated: