IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No.: 07-346 SLR |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| MECHANICAL INTEGRITY, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S THIRD PARTY COMPLAINT AGAINST
MIKE WALKER AND NDT EQUIPMENT SERVICES LTD**

1.  Defendant/Third Party Plaintiff, Mechanical Integrity, Inc., hereinafter referred to as "Mechanical" is a Texas corporation with its principal place of business located at 1423 First Street, Suite A, Humble, Texas 77338.

2.  Third Party Defendant, Mike Walker, is a sole proprietor doing business as NDT Equipment Services (hereinafter referred to as "Walker").

3.  NDT Equipment Services LTD (hereinafter referred to as "NDT") is a corporation or other legal entity, which maintains its offices at 157 Central Avenue Cleveland, United Kingdom.

4.  The Plaintiff filed a Complaint alleging that Defendant Mechanical failed to conduct a proper inspection of the pipeline at DuPont's Louisville, which is used to carry chloroform. See copy of the Complaint attached hereto as Exhibit "A".

5.  Defendant Mechanical subcontracted with Walker and/or NDT, as an independent contractor, to inspect the DuPont Louisville, Kentucky pipeline.

6.  On or about March 31, 2004 through April 1, 2004, Walker and/or NDT, as an independent contractor for Mechanical, conducted an inspection of the pipeline at DuPont Louisville,

Kentucky facility.

7. Walker and/or NDT drafted an Inspection Report for Mechanical, which Mechanical relied upon when drafting their Inspection Report for DuPont. See Walker and/or NDT's Inspection Report, attached hereto as Exhibit "B".

8. If Plaintiff's claims are proven true, due to Walker and/or NDT Equipment Services LTD's breach of contract and/or negligence and/or breach of warranty and/or misrepresentation, Plaintiff suffered damages.

## COUNT I BREACH OF CONTRACT

9. Third Party Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 8.

10. Third Party Defendant Mechanical had a contract with Walker and/or NDT to inspect the pipeline at DuPont Louisville, Kentucky facility.

11. If Plaintiff's claims are proven true, Third Party Defendant Walker and/or NDT breached that contract by failing to properly inspect Plaintiff's Louisville, Kentucky pipeline.

12. If Plaintiff's claims are proven true, as a direct and proximate result of the breach, Plaintiff has suffered damages.

## COUNT II NEGLIGENCE

13. Third Party Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 12.

14. Third Party Defendants Walker and/or NDT had a duty to properly inspect Plaintiff's Louisville, Kentucky pipeline.

15. If Plaintiff's claims are proven true, Third Party Defendant Walker and/or NDT knew or should have known that there were defects with the pipeline.

16. If Plaintiff's claims are proven true, Walker and/or NDT breached their duty by negligently:

   a. improperly inspecting the DuPont Louisville, Kentucky pipeline; and

   b. failing to report the problem as requested and contracted by Plaintiffs and/or Third Party Plaintiffs.

17. If Plaintiff's claims are proven true, as a direct and proximate result of Third Party Defendants' negligence, Plaintiffs have suffered and will continue to suffer damages.

## COUNT III BREACH OF WARRANTY

18. Third Party Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 17.

19. Walker and/or NDT impliedly warranted that all work performed under its contract with Mechanical would be free from defect performed in accordance with industry standards in a workmanlike manner and was fit and suitable for Mechanical's intended purpose.

20. By reason of the above described acts and omissions as set forth in Count I and II, if Plaintiff's claims are proven true, Third Party Defendants Walker and/or NDT breached their implied warranty.

21. If Plaintiff's claims are proven true, as a direct and proximate result of the breach, Plaintiffs have suffered damages and will continue to suffer damages.

## COUNT IV: NEGLIGENT MISREPRESENTATION

22. Third Party Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21.

23. By virtue of Mechanical's contract, Walker and/or NDT had a duty to truthfully disclose the scope and results of its inspection of the pipeline.

24. If Plaintiff's claims are proven true, Walker and/or NDT's inspection report falsely represented the condition of the pipeline where the leak occurred or, at the very least, omitted the fact that NDT did not properly inspect the subject area of the pipeline.

25. If Plaintiff's claims are proven true, Walker and/or NDT failed to exercise reasonable care in conducting its inspection and in communicating the results of its inspection to Mechanical.

26. If Plaintiff's claims are proven true, Walker and/or NDT was aware that Mechanical intended to rely upon the inspection report to identify repairs to the pipeline to DuPont.

27. If Plaintiff's claims are proven true, Mechanical acted in justifiable reliance on the representations contained in the inspection report.

28. If Plaintiff's claims are proven true, as justifiable reliance on the false report, Plaintiff has suffered damages.

**WHEREFORE**, Third Party Plaintiffs demand judgment in its favor and against Third Party Defendant, and award an amount to compensate Third Party Plaintiffs for the expenses incurred, pre and post-judgment interest, costs of this litigation, attorney's fees and any other damages which the Court deems to be reasonable and just.

REGER RIZZO KAVULICH & DARNALL LLP

/s/ Louis J. Rizzo, Jr., Esquire
Louis J. Rizzo, Jr., Esquire
Delaware State Bar I.D. No. 3374
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant/Third Party Plaintiff
Mechanical Integrity, Inc.

Dated: