# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY,<br><br>           Plaintiff,<br><br>    v.<br><br>MECHANICAL INTEGRITY, INC.<br><br>           Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 07-346 (SLR)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPENING BRIEF IN SUPPORT OF NDT EQUIPMENT SERVICES LTD.'S AND MIKE WALKER'S MOTION TO DISMISS

Dated:  February 1, 2008

FISH & RICHARDSON P.C.

William J. Marsden, Jr. (#2247)
Stamatios Stamoulis (#4606)
Brian M. Rostocki (#4599)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
Email:  marsden@fr.com
Email:  stamoulis@fr.com
Email:  rostocki@fr.com

*Attorneys for NDT Equipment Services Ltd. and Mike Walker*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ........................................................................................ ii

I.      NATURE AND STAGE OF THE PROCEEDINGS ........................................1

II.     SUMMARY OF ARGUMENT ........................................................................2

III.    STATEMENT OF FACTS ...............................................................................3

      A.     NDT's And Walker's Lack Of Contact With Delaware .........................3

      B.     MI's Improper Attempt At Service ........................................................4

IV.    ARGUMENT ....................................................................................................5

      A.     The Third Party Complaint Should Be Dismissed Because
              The Court Lacks Personal Jurisdiction Over NDT And Walker ............5

           1.     Delaware's Long-Arm Statute Does Not Provide A Basis
                  For Asserting Personal Jurisdiction Over NDT And Walker ....................6

                a.     No Jurisdiction Under Section 3104(c)(1) .......................7

                b.     No Jurisdiction Under Section 3104(c)(2) .......................8

                c.     No Jurisdiction Under Section 3104(c)(3) .......................9

                d.     No Jurisdiction Under Section 3104(c)(4) .....................10

           2.     Delaware's Nonresident Motor Vehicle Statute Does Not
                  Provide A Basis For Asserting Personal Jurisdiction Over
                  NDT and Walker ...............................................................11

           3.     Asserting Personal Jurisdiction Over NDT and Walker
                  Would Violate The Requirements Of Due Process ..................12

      B.     The Third Party Complaint Should Be Dismissed Because Service
              Of Process Was Not Effective ............................................................15

V.     CONCLUSION...............................................................................................18

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)......................................................13, 14

*Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141 (3d Cir. 1992)...................................................6

*Commissariat A L'energie Atomique v. Chi Mei Optoelectronics Corp.*,
   293 F. Supp. 2d 423 (D. Del. 2003)...........................................................................7

*Helicopteros v. Hall*, 466 U.S. 408 (1984) ................................................................13

*Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690 (D. Del. 1998).........................6, 10

*Jeffreys v. Exten*, 784 F. Supp. 146 (D. Del. 1992) ........................................................7

*Lampe v. Xouth, Inc.*, 952 F.2d 697 (3d Cir.1991) ........................................................15

*M&M Tech., Inc. v. Gurtler Chem., Inc.*,
   2005 WL 293509 (D. Del. Feb. 8, 2005) .............................................................5

*Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636 (D. Del. 2006) ...........................5

*Omni Capital Int'l  Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987).....................................15

*Parker v. Learn the Skills Corp.*, 2008 WL 108674 (D. Del. Jan. 10, 2008) ............................6, 8

*Reach & Assoc., P.C. v. Dencer*, 269 F. Supp. 2d 497 (D. Del. 2003)..........................................10

*Resource Ventures, Inc. v. Resource Mgmt. Int'l, Inc.*,
   42 F. Supp. 2d 423 (D. Del. 1990).........................................................................6

*Swanson v. Bledsoe,* 2007 WL 205636 (N.D. W.Va. Jan. 24, 2007) ...........................................14

*TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*,
   961 F. Supp. 686 (D. Del. 1997).......................................................................8, 9

*United States v. Consolidated Rail Corp.*, 674 F. Supp. 138 (D. Del. 1987) .........................10, 13

*URS Corp. v. Lebanese Co. for the Dev. And Reconstruction of Beirut, Central
   Dist. SAL*, 512 F. Supp. 2d 199 (D. Del. 2007) ................................................................6

*Vikoma Int'l, Ltd. v. Oil Stop, Inc.*, 1993 WL 14647 (D. Del. Jan. 14, 1993)................................13

*Ware v. Ball Plastic Container Corp.*, 432 F. Supp. 2d 434 (D. Del. 2006) ..................................6

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).................................................14

**State Cases**

*Abajian v. Kennedy*, 1992 WL 8794 (Del. Ch. Jan. 17, 1992) ........................................................9

*Aeroglobal Capital Mgmt. v. Cirrus Indus., Inc.*, 871 A.2d 428 (Del. 2005) ........................5, 13, 14

*Computer People, Inc. v. Best Int'l Group, Inc.*,
   1999 WL 288119 (Del. Ch. Apr. 27, 1999) ..............................................................8, 9, 10

*Hercules Inc. v. Leu Trust & Banking (Bahamas) Ltd.*,
   611 A.2d 476 (Del. 1992) ......................................................................................................9

*HMG/Courtland Properties, Inc. v. Gray*, 729 A.2d 300 (Del. Ch. 1999) ....................................10

*LaNuova D&B S.p.A. v. Bowe Co.*, 513 A.2d 764 (Del. 1986) ........................................................7

*Layton v. Lee*, 196 A.2d 578 (Del. Super. Ct. 1963) ....................................................................12

*Ramada Inns, Inc. v. Drinkhall*,
   1984 WL 247023 (Del. Super. Ct. May 17, 1984) ............................................................9

*Red Sail Easter Ltd. Partners v. Radio City Music Hall Productions, Inc.*,
   1991 WL 129174 (Del. Ch. Jul. 10, 1991)........................................................................11

*Werner v. Miller Tech. Mgmt., L.P.*, 831 A.2d 318 (Del. Ch. 2003) ..............................................14

## State Statutes

DEL. CODE ANN. tit. 10, § 3104 ...........................................................................................7, 16

DEL. CODE ANN. tit. 10, § 3112 ..............................................................................................12

## Federal Rules

FED. R. CIV. P. 12(b)(2) ..................................................................................................2, 5, 18

FED R. CIV. P. 12(b)(5) ................................................................................................2, 15, 18

## I.     NATURE AND STAGE OF THE PROCEEDINGS

On June 1, 2007, Plaintiff E.I. DuPont De Nemours and Company ("DuPont") brought

suit against Defendant Mechanical Integrity, Inc. ("MI").  (D.I. 1).  DuPont charges MI with

breach of contract, misrepresentation and fraud based on MI's alleged failure to properly conduct

an inspection of approximately 3,600 feet of pipeline used to carry chloroform to DuPont's

Louisville, Kentucky facility.  DuPont alleges that MI's failure to properly inspect the pipeline

resulted in a chloroform leak and DuPont was allegedly forced to expend over $2 million to

remediate the area where the leak occurred.

On October 1, 2007, MI filed a motion for leave to file a Third Party Complaint against

Mike Walker ("Walker") and NDT Equipment Services Ltd. ("NDT"), representing that Walker

is a sole proprietor doing business as NDT.  (D.I. 16).  DuPont did not oppose MI's motion.

(D.I. 19).  On October 19, 2007, the Court granted MI's motion.  That same day, MI filed its

Third Party Complaint against NDT and Walker.  (D.I. 20).  MI charges NDT and Walker with

breach of contract, negligence, breach of warranty and negligent misrepresentation.  MI alleges

that it subcontracted NDT and Walker to inspect the pipeline and alleges that NDT and Walker

failed to properly inspect the pipeline that resulted in the chloroform leak.

Walker is a resident of the United Kingdom ("UK") and is one of five directors of NDT's

board of directors.  Walker is not a sole proprietor of NDT.  NDT is an entity organized in and

under the laws of the UK.  NDT and Walker have not answered MI's Third Party Complaint.

Instead, NDT and Walker file this motion to dismiss because they are not subject to personal

jurisdiction in Delaware and because service of process was not effective.

## II.     SUMMARY OF ARGUMENT

1.     MI attempts to subject NDT and Walker to an expensive and burdensome lawsuit

thousands of miles away from their offices and residence in the UK.  MI has shown no good

faith basis for its assertion of personal jurisdiction over NDT or Walker under Delaware's Long-Arm Statute. NDT is a UK-based company and Walker is a resident of the UK and a member of NDT's board of directors. NDT and Walker have no operations or employees in Delaware. NDT and Walker are not licensed to do business in Delaware and do not own, lease, use or otherwise possess property in Delaware. NDT and Walker have never transacted business in Delaware or performed (or contracted to perform) any service in Delaware. NDT and Walker have also never regularly solicited business in Delaware, nor have they engaged in any regular sales activity in Delaware. Further, the facts alleged by MI in support of its Third Party Complaint against NDT and Walker occurred in Kentucky — not Delaware.[1] These facts also establish that there is a complete lack of "minimum contacts" by NDT and Walker with Delaware and, therefore, the Court's exercise of jurisdiction over NDT and Walker would violate their due process rights. Accordingly, the Court should dismiss the Third Party Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

2.       MI's failure to make effective service on NDT and Walker provides an alternative basis to dismiss MI's Third Party Complaint. Although MI served the Delaware Secretary of State with the Third Party Summonses under Delaware's Long Arm Statute, MI's registered mailings to NDT and Walker advise that service was perfected under Delaware's Nonresident Motor Vehicle Statute — not under Delaware's Long-Arm Statute as required to properly perfect service. Thus, MI has failed to comply with the requirements for service under Delaware's Long-Arm Statute and the Court should dismiss the Third Party Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

---

[1]  This case also has nothing to do with an automobile accident or collision in Delaware and, therefore, MI's reliance on Delaware's Nonresident Motor Vehicle Statute is misplaced and unacceptable.

### III.    STATEMENT OF FACTS

#### A.    NDT's And Walker's Lack Of Contact With Delaware

NDT, a UK company with its principal places of business in the UK, provides a broad spectrum of inspection and test equipment services for inspection companies, process plants, and manufacturing and service industries in the UK and overseas markets. *See* Declaration of Anna Maria Brimfield ("Brimfield Dec.") at ¶¶ 2-4. Walker is a resident of the UK. *See* Declaration of Mike Walker ("Walker Dec.") at ¶ 2. Contrary to MI's representations in its Third Party Complaint, Walker is not the sole proprietor of NDT. *See* Brimfield Dec. at ¶ 6; Walker Dec. at ¶ 3. Walker is simply one of five directors of NDT's board of directors. *Id.* NDT is a subsidiary of Mencol Ltd., another entity based in the UK and organized under the laws of the UK. *See* Brimfield Dec. at ¶ 5.

NDT has no operations at all in Delaware. *Id* at ¶ 7. None of NDT's employees work or reside in Delaware. *Id.* NDT is not licensed to do business in Delaware and does not own, lease, use or otherwise possess property in Delaware. *Id.* at ¶ 8.

NDT and Walker have never transacted any business or performed any work or service in Delaware. *See id.* at ¶ 9; Walker Dec. at ¶ 6. They have also never entered into any contract to supply services or things in Delaware. *See* Brimfield Dec. at ¶ 10; Walker Dec. at ¶ 7. NDT and Walker do not regularly solicit business in Delaware, engage in any persistent course of conduct in Delaware or derive any revenue (let alone substantial revenue) from services or things used or consumed in Delaware. *See* Brimfield Dec. at ¶ 11; Walker Dec. at ¶ 8. Indeed, NDT and Walker do not conduct any regular sales activity in Delaware. *See* Brimfield Dec. at ¶ 12; Walker Dec. at ¶ 9. Finally, NDT and Walker have not entered into a contract with MI whereby they consented to jurisdiction in Delaware. *See* Brimfield Dec. at ¶ 16; Walker Dec. at ¶ 13.

### B.     MI's Improper Attempt At Service

On November 2, 2007, MI caused Third Party Summonses to be issued to NDT and Walker through service on the Delaware Secretary of State, purportedly pursuant to Title 10, Section 3104 of the Delaware Code ("Delaware's Long-Arm Statute").  The Third Party Summonses were served on the Delaware Secretary of State on November 19, 2007, and the return of service was docketed with the Court on December 10, 2007.  (D.I. 23).  On December 14, 2007, MI sent to NDT and Walker, respectively, via registered mail, a copy of the Third Party Summonses that were served on the Delaware Secretary of State.  MI advised NDT and Walker, however, that service on the Delaware Secretary of State was effected pursuant to Title 10, Section 3112 of the Delaware Code ("Delaware's Nonresident Motor Vehicle Statute").  MI also indicated that NDT and Walker had 60 days from the date of service to file an answer to the Third Party Complaint.  *See* December 14, 2007 letters from Louis J. Rizzo, Jr., Esq. to NDT and Walker, attached as Exhibit A to the Declaration of Brian M. Rostocki, Esq. ("Rostocki Dec.").  Walker and NDT did not receive MI's letters until January 2 and 7, 2008, respectively. *Id.*

In the interim, on November 9, 2007, MI sent to NDT and Walker a notification of the Third Party Complaint and requested that Walker, as the sole proprietor of NDT, waive service of the Third Party Summonses.  *See* Notice of Lawsuit and Request for Waiver of Third Party Summons, attached as Exhibit B to the Rostocki Dec.  NDT and Walker refused to waive service and demanded that MI voluntarily dismiss the Third Party Complaint because MI has not (and cannot) provide any facts that would support subjecting NDT or Walker to jurisdiction in Delaware.  *See* January 3, 2008 letter from William J. Marsden, Jr., Esq. to Louis J. Rizzo, Jr., Esq., attached as Exhibit C to the Rostocki Dec.

4

On January 23, 2008, MI responded that it would be willing to dismiss Walker from the case if Walker could confirm in writing that his actions taken at the Du Pont facility in Louisville, Kentucky were performed in his capacity as a NDT director.  *See* January 23, 2008 letter from Louis J. Rizzo, Jr., Esq. to William J. Marsden, Esq., attached as Exhibit D to the Rostocki Dec.  MI also requested that NDT consent to jurisdiction in Delaware, even if NDT were successful on its personal jurisdiction defense.  *Id.*  To date, MI has not dismissed this action, despite its knowledge that NDT and Walker are not subject to personal jurisdiction in Delaware.  NDT and Walker therefore file the instant motion to dismiss.

## IV.    ARGUMENT

### A.    The Third Party Complaint Should Be Dismissed Because The Court Lacks Personal Jurisdiction Over NDT And Walker

Rule 12(b)(2) of the Federal Rules of Civil Procedure dictates that a court dismiss an action where the court lacks personal jurisdiction over a defendant.  *See* FED. R. CIV. P. 12(b)(2).  To obtain personal jurisdiction over a defendant, Delaware courts apply a two-step analysis.  *See Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 642-43 (D. Del. 2006); *M&M Tech., Inc. v. Gurtler Chem., Inc.*, 2005 WL 293509, at *2 (D. Del. Feb. 8, 2005); *Aeroglobal Capital Mgmt. v. Cirrus Indus., Inc.*, 871 A.2d 428, 437 (Del. 2005).  The first step requires the Court to consider whether jurisdiction is appropriate pursuant to a statutory grant.  *Id.*  If a statute is found applicable, the second step requires the Court to evaluate whether subjecting the nonresident party to jurisdiction in the forum state violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution (the "minimum contacts" requirement).  *Id.*

To support a motion to dismiss for lack of personal jurisdiction, a defendant need only allege that it is not subject to the court's jurisdiction.  Once a defendant raises a jurisdictional defense, the plaintiff bears the burden of establishing, by a preponderance of the evidence, with

reasonable particularity, that sufficient minimum contacts have occurred between the defendant

and the forum state to support the exercise of jurisdiction over the defendant. *See Carteret Sav.*

*Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992); *URS Corp. v. Lebanese Co. for the Dev.*

*And Reconstruction of Beirut, Central Dist. SAL*, 512 F. Supp. 2d 199, 216 (D. Del. 2007);

*Ware v. Ball Plastic Container Corp.*, 432 F. Supp. 2d 434, 437-38 (D. Del. 2006). This burden

must be met by producing competent evidence such as sworn affidavits. *URS Corp.*,

512 F. Supp. 2d at 216; *Resource Ventures, Inc. v. Resource Mgmt. Int'l, Inc.*,

42 F. Supp. 2d 423, 431 (D. Del. 1990). A plaintiff "is required to respond to a Rule 12(b)(2)

motion . . . with actual proof, not mere allegations." *See Parker v. Learn the Skills Corp.*,

2008 WL 108674, at *2 (D. Del. Jan. 10, 2008).

 For the reasons set forth herein, MI, as the Third Party Plaintiff, cannot satisfy its burden

in this case because of NDT's and Walker's lack of contacts with Delaware. Thus, the exercise

of personal jurisdiction by this Court is not authorized by statute, and subjecting NDT and

Walker to jurisdiction in Delaware would violate their due process rights.

  **1.**  **Delaware's Long-Arm Statute Does Not Provide A Basis For
Asserting Personal Jurisdiction Over NDT And Walker**

 MI asserts in the Third Party Summonses filed with the Court on December 10, 2007 that

service was perfected pursuant to Delaware's Long-Arm Statute. (D.I. 23). MI, however, fails

to articulate on which subsection of that statute it bases this assertion. Nor does MI explain in its

Third Party Complaint the basis for the Court's jurisdiction. The reason — the Court does not

have jurisdiction over NDT and Walker.

 The Court must analyze Delaware's Long-Arm Statute before addressing the federal due

process requirements. *See Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690, 695

(D. Del. 1998). Delaware's Long-Arm Statute provides, in relevant part:

> As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent: (1) Transacts any business or performs any character of work or service in the State; (2) Contracts to supply services or things in this State; (3) Causes tortious injury in the State by an act or omission in this State; (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State . . . .

DEL. CODE ANN. tit. 10, § 3104(c) (2007).[2]

Delaware courts have interpreted subsections (c)(1)-(3) and (5)-(6) of Delaware's Long-Arm Statute as defining specific jurisdiction and subsection (c)(4) as defining general jurisdiction.  *See LaNuova D&B S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986); *Jeffreys v. Exten*, 784 F. Supp. 146, 151 (D. Del. 1992).  As explained below, MI cannot show facts that would invoke either specific or general jurisdiction under Delaware's Long-Arm Statute.

### a.    No Jurisdiction Under Section 3104(c)(1)

Section 3104(c)(1) of Delaware's Long-Arm Statute confers personal jurisdiction over any person who transacts business or performs any character of work in Delaware.  The "transacting business" requirement has been interpreted by Delaware federal and state courts as "a specific jurisdiction provision that requires a nexus between the cause of action and the conduct used as a basis for jurisdiction."  *See Commissariat A L'energie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F. Supp. 2d 423, 427 (D. Del. 2003) (citing *La Nuova D & B, S.p.A.*, 513 A.2d at 768).  Thus, for the Court to exercise jurisdiction under Section 3104(c)(1), NDT's and Walker's challenged actions "must actually occur in Delaware."  *See TriStrata Tech., Inc. v.*

---

[2]  Delaware's Long-Arm Statute also provides for jurisdiction based on real property and insurance surety contracts in Delaware.  *Id.* at § 3104(c)(5)-(6).  MI has pointed to no facts to support jurisdiction under either of these theories.  *See* Brimfield Dec. at ¶¶ 13-14; Walker Dec. at ¶¶ 10-11.  Thus, subsections (c)(5) and (6) of Delaware's Long-Arm Statute are inapplicable in this case.

*Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 690 (D. Del. 1997). *See also Computer People, Inc. v. Best Int'l Group, Inc.*, 1999 WL 288119, at *5 (Del. Ch. Apr. 27, 1999) (Section 3104(c)(1) authorizes transactional specific jurisdiction "where the cause of action arises out of the defendant's conduct in Delaware.").

Specific jurisdiction under Section 3104(c)(1) is improper for two reasons. First, NDT and Walker have never conducted any business or performed any character of work or service whatsoever in Delaware. *See* Brimfield Dec. at ¶ 9; Walker Dec. at ¶ 6. Second, NDT's and Walker's challenged actions occurred in Louisville, Kentucky. MI does not allege any conduct by NDT or Walker in Delaware. Thus, there is no nexus between the challenged conduct alleged in MI's Third Party Complaint and Delaware and there is no basis on which to subject NDT or Walker to personal jurisdiction under Section 3104(c)(1).

**b.    No Jurisdiction Under Section 3104(c)(2)**

Section 3104(c)(2) of Delaware's Long-Arm Statute confers personal jurisdiction over any person who contracts to supply services or things in Delaware. Much like subsection (c)(1), subsection (c)(2) only "authorize[s] transactional specific jurisdiction where the cause of action arises out of the defendant's conduct in Delaware." *Computer People, Inc.*, 1999 WL 288119, at *5. *See also Parker*, 2008 WL 108674, at *4 (Section 3104(c)(2) "requires a nexus between the cause of action and the conduct used as the basis for jurisdiction."). Thus, for the Court to exercise jurisdiction over NDT and Walker under Section 3104(c)(2), NDT and Walker must purposefully direct their activities at residents of Delaware and this action must arise from, or be directly related to, NDT's and Walker's actions within Delaware. *See Parker*, 2008 WL 108674, at *4 ("Specific jurisdiction arises [under Section 3104(c)(2)] when a defendant has both purposefully directed its activities at residents of the forum state and the action arises from, or is directly related to, the defendant's actions within the forum state.").

There is no basis to find specific jurisdiction under Section 3104(c)(2) here.  First, NDT and Walker have never entered into any contract to supply services or things in Delaware.  *See* Brimfield Dec. at ¶ 10; Walker Dec. at ¶ 7.  Second, the only conduct alleged by MI related to NDT's and Walker's actions occurred in Kentucky — not Delaware.  Thus, NDT and Walker are not subject to jurisdiction under Section 3104(c)(2).

### c.    No Jurisdiction Under Section 3104(c)(3)

Section 3104(c)(3) confers jurisdiction over a defendant who causes tortious injury in Delaware by an act or omission committed in Delaware.  This specific jurisdiction provision allows jurisdiction based on a single act committed in Delaware that has "a sufficient relationship to the plaintiff's cause of action."  *See Intel Corp.*, 20 F. Supp. 2d 698.  Section 3104(c)(3) requires that "some act actually occur in Delaware."  *See TriStrata Tech., Inc.*, 961 F. Supp. at 690.  *See also Computer People, Inc.*, 1999 WL 288119, at *5 (Section 3104(c)(3) authorizes transactional specific jurisdiction "where the cause of action arises out of the defendant's conduct in Delaware.").

As explained above, NDT and Walker have not transacted any business or contracted to perform any service or work in Delaware.  *See* Brimfield Dec. at ¶¶ 7-14; Walker Dec. at ¶¶ 4-11.  Nor have they committed any other act in Delaware that is related to the allegations contained in MI's Third Party Complaint.  Section 3104(c)(3) pertains only to cases where there is a Delaware-based injury caused by an act or omission in Delaware.  *See Abajian v. Kennedy*, 1992 WL 8794, at *10 (Del. Ch. Jan. 17, 1992).  MI is a Texas corporation with its principal place of business in Texas, and MI was not injured in Delaware.  *See Hercules Inc. v. Leu Trust & Banking (Bahamas) Ltd.*, 611 A.2d 476, 481 (Del. 1992), *cert. dismissed*, 507 U.S. 1025 (1993) (injury occurs where they company is located or has its principal place of business); *Ramada Inns, Inc. v. Drinkhall*, 1984 WL 247023, at *3-*4 (Del. Super. Ct. May 17, 1984)

9

(injury occurs where the plaintiff is located). For these reasons, NDT and Walker are not subject to jurisdiction in Delaware under Section 3104(c)(3).

### d.    No Jurisdiction Under Section 3104(c)(4)

Delaware state courts have held that Section 3104(c)(4) of Delaware's Long-Arm Statute "creates general jurisdiction in cases where the cause of action is unrelated to the relevant Delaware contacts. General jurisdiction under [Section 3104(c)(4)] requires a greater, more continuous pattern of contacts with the forum than does single act jurisdiction under [Sections 3104(c)(1), (2), or (3)]. The tradeoff for this stricter requirement is that the activities which create that general presence need not be the basis for the plaintiff's cause of action." *See Computer People, Inc.*, 1999 WL 288119, at *5 (internal quotations omitted). *See also HMG/Courtland Properties, Inc. v. Gray*, 729 A.2d 300, 310-11 (Del. Ch. 1999) (explaining that the standards for finding Section 3104(c)(4) general jurisdiction are "rigorous and require a showing of substantial and continuous activity in Delaware."). This Court has applied a similar interpretation of Section 3104(c)(4), also requiring that a defendant's contacts with Delaware be "continuous and substantial." *See Intel Corp.*, 20 F. Supp. 2d at 699. *See also United States v. Consolidated Rail Corp.*, 674 F. Supp. 138, 144 (D. Del. 1987) (requiring contacts to be "regular and persistent"). Indeed, findings of general jurisdiction under Delaware's Long-Arm Statute are rare. *See Reach & Assoc., P.C. v. Dencer*, 269 F. Supp. 2d 497, 505 (D. Del. 2003) ("While seemingly broad, the standard for general jurisdiction is high in practice and not often met."); *Intel Corp.*, 20 F. Supp. 2d at 669 (stating that cases of general jurisdiction under Delaware's Long-Arm Statute are rare).

NDT and Walker do not have direct contacts with Delaware — let alone substantial and continuous contacts with Delaware. The absence of substantial and continuous contacts with Delaware prohibits this Court from exercising general jurisdiction over NDT and Walker. *See,*

*e.g., Red Sail Easter Ltd. Partners v. Radio City Music Hall Productions, Inc.*, 1991 WL 129174, at *3 (Del. Ch. Jul. 10, 1991) (finding that a defendant whose only contact with the forum involved filings forms to merge wholly-owned subsidiaries had not engaged in a "persistent course of conduct" or derived "substantial revenue from services, or things used or consumed" in the forum, as required to assert general jurisdiction over a nonresident defendant).  NDT and Walker do not regularly solicit business in Delaware, engage in any persistent course of conduct in Delaware or derive any revenue (let alone substantial revenue) from services or things used or consumed in Delaware.  Nor have NDT or Walker ever regularly solicited business in Delaware, engaged in any persistent course of conduct in Delaware or derived any revenue (let alone substantial revenue) from services or things used or consumed in Delaware.  *See* Brimfield Dec. at ¶¶ 11-12; Walker Dec. at ¶¶ 8-9.  Thus, the exercise of general jurisdiction in this case is inappropriate because MI cannot show that NDT and Walker engaged in substantial and continuous activity in Delaware.  *See Citinental Trading Co. v. Naporana Iron & Metal Co.*, 1997 U.S. Dist. LEXIS 7727, at *8-*10 (D. Del. May 27, 1997) (finding that a nonresident defendant who made limited business trips to the forum and derived limited revenue from the forum, either in absolute dollars or percentage of gross revenue, was not subject to general jurisdiction under Delaware's Long-Arm Statute).  Any alleged contacts with Delaware to which MI could possibly point are even more remote than those in cases where this Court found no jurisdiction, so there can be no jurisdiction over NDT and Walker in Delaware.

      **2.**      **Delaware's Nonresident Motor Vehicle Statute Does Not Provide A Basis For Asserting Personal Jurisdiction Over NDT And Walker**

In MI's December 14, 2007 letters to NDT and Walker, MI asserts that the service of the Third Party Summonses were made on the Delaware Secretary of State under Delaware's

Nonresident Motor Vehicle Statute. *See* Rostocki Dec., Exhibit A. Delaware's Nonresident Motor Vehicle Statute provides, in relevant part:

> ***Any nonresident owner, operator or driver of any motor vehicle***, who accepts the privilege extended by law to nonresidents of this State to ***operate or drive such motor vehicles*** on the public streets, roads, turnpikes or highways of this State by ***operating or driving such motor vehicle or by having the same operated or driven*** on any public street, road, turnpike or highway of this State shall by such acceptance of the privilege be deemed thereby to have appointed and constituted the Secretary of State of this State, as such nonresident owner's agent for the acceptance of legal process ***in any civil action against such nonresident owner, operator or driver arising or growing out of any accident or collision occurring within this State*** in which such motor vehicle is involved. The acceptance shall be a signification of the agreement of such nonresident that any such process when so served shall be of the same legal force and validity as if served upon such nonresident personally within this State, and that such appointment of the Secretary of State shall be irrevocable and binding upon his or her executor or administrator.

*See* DEL. CODE ANN. tit. 10, § 3112(a) (2008) (emphasis added).

Neither NDT or Walker, or their agents or representatives, have operated a motor vehicle in Delaware. *See* Brimfield Dec. at ¶ 15; Walker Dec. at ¶ 12. More importantly, the purported basis for MI's Third Party Complaint against NDT and Walker is that NDT and Walker allegedly failed to properly inspect DuPont's pipeline located in Kentucky. The Third Party Complaint does not relate in any way to an automobile accident in Delaware. *See Layton v. Lee*, 196 A.2d 578, 581 (Del. Super. Ct. 1963) (the purpose of Delaware's Nonresident Motor Vehicle Statute "is to make the non-resident subject to a civil suit in Delaware growing out of an accident in which the vehicle of the non-resident is involved."). Therefore, NDT and Walker are not subject to personal jurisdiction in Delaware under Delaware's Nonresident Motor Vehicle Statute.

**3.     Asserting Personal Jurisdiction Over NDT And Walker Would Violate The Requirements Of Due Process**

This Court is not required to even reach a federal due process analysis because MI cannot meet its burden of presenting competent evidence that NDT and Walker are subject to jurisdiction under Delaware's Long-Arm Statute or Nonresident Motor Vehicle Statute. *See*

*Vikoma Int'l, Ltd. v. Oil Stop, Inc.*, 1993 WL 14647, at *5  n.7 (D. Del. Jan. 14, 1993) (dismissing the complaint for lack of personal jurisdiction and finding that "in light of this Court's conclusion that plaintiff has not satisfied any provision of the Delaware long-arm statute, it is unnecessary to reach the constitutional issue as to whether jurisdiction over defendant would comport with traditional notions of fair play and substantial justice.").  Even assuming, *arguendo*, the Court were to find that MI had alleged facts sufficient to establish that NDT's and Walker's activities fall within one of the categories delineated in the Delaware Long-Arm Statute, NDT's and Walker's motion to dismiss should nevertheless be granted because the exercise of jurisdiction over them under the facts of this case would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Consolidated Rail Corp.*, 674 F. Supp. at 144-45 (finding "sufficient contacts" to satisfy Delaware's Long-Arm Statute were "too minimal" to satisfy the federal due process requirements).

The relevant inquiry is whether NDT and Walker have sufficient "minimum contacts" with Delaware such that maintenance of the suit does not offend the traditional notions of fair play and substantial justice.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985).  To find such minimum contacts, MI must demonstrate either general or specific jurisdiction.  *See Helicopteros v. Hall*, 466 U.S. 408, 414 (1984).  As explained above, MI can do neither.

Even if MI could establish minimum contacts, the court must analyze whether exercising jurisdiction based on those contacts, would violate NDT's and Walker's due process rights.  This analysis requires the Court to determine whether NDT's and Walker's contacts with Delaware would require them to defend themselves in the Delaware courts.  *See Aeroglobal*, 871 A.2d at 440 (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).  That is, NDT's and Walker's contacts with Delaware must rise to such a level that they should "reasonably

anticipate" being required to defend themselves in Delaware's courts. *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Given NDT's and Walker's complete lack of contacts with Delaware, personal jurisdiction does not exist. NDT is a UK-based entity, with only two offices, both of which are both located in the UK. *See* Brimfield Dec. at ¶¶ 2, 4. Walker is also a UK resident and a director of NDT. *See* Walker Dec. at ¶¶ 2-3. Neither NDT nor Walker have agents, employees or representatives in Delaware, and they do not do business in Delaware. *See* Brimfield Dec. at ¶¶ 7-14; Walker Dec. at ¶¶ 4-11. Further, NDT and Walker do not own property in Delaware and they do not conduct any regular sales activities in Delaware. *See* Brimfield Dec. at ¶¶ 8, 13; Walker Dec. at ¶¶ 5, 10.

In establishing personal jurisdiction, a basic tenet is that there is some act by the nonresident defendant by which he/she "purposely availed" his/herself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of the forum state's laws. *See Burger King Corp.*, 471 U.S. at 475 (This "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person") (internal quotations and citations omitted). The purpose of this analysis is "to determine the fairness of subjecting a nonresident defendant to suit in a distant forum by considering all of the connections among the defendant, the forum and the litigation . . . ." *Werner v. Miller Tech. Mgmt., L.P.*, 831 A.2d 318, 330 (Del. Ch. 2003). In this case, there are no such contacts whatsoever in Delaware. The only conduct by NDT and Walker alleged by MI occurred in Kentucky — not Delaware. *See, e.g., Swanson v. Bledsoe*, 2007 WL 205636, at *4 (N.D. W.Va. Jan. 24, 2007) (refusing to exercise personal jurisdiction over nonresident

defendants in West Virginia where the defendants' actions appears to have solely occurred in Tennessee and Washington — not West Virginia). Because significant minimum contacts with Delaware are wholly lacking, the Court should grant NDT's and Walker's motion to dismiss for lack of personal jurisdiction.

> **B.**      **The Third Party Complaint Should Be Dismissed Because Service Of Process Was Not Effective**

Dismissal of the Third Party Complaint should also be granted pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. *See* FED. R. CIV. P. 12(b)(5). Indeed, before a court may exercise personal jurisdiction over a defendant, effective service of process is a necessary. *See Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir.1991) ("Effective service of process is therefore a prerequisite to proceeding further in a case.")

The Summonses for the Third-Party Complaint were issued on November 2, 2007 under Delaware's Long-Arm Statute. The Delaware Secretary of State was served with the Third Party Summonses on November 19, 2007, and the return of service was filed with the Court on December 10, 2007. (D.I. 23). On December 14, 2007, MI sent to NDT and Walker separately, via registered mail, a copy of the Third Party Summonses that were served on the Delaware Secretary of State. In its notification letters, MI advised NDT and Walker "that under 10 *Delaware Code* § 3112, service upon the Secretary of State is as effectual to all intent and purposes as if it had been made upon you personally." *See* Rostocki Dec., Exhibit A. MI did not notify NDT or Walker that it was attempting service under Delaware's Long-Arm Statute.

"It is well-settled Delaware law that strict compliance with the provisions of Section 3104 . . . is necessary to perfect service." *Coston v. Brown*, 2004 Del. Super. LEXIS 345, at *3 (Del. Super. Ct. Sept. 10, 2004). Section 3104(d) of Delaware's Long-Arm Statute provides, in relevant part:

> Service of the legal process provided for in this section . . . shall be made upon the Secretary of State of this State in the same manner as is provided by law for service of writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon the defendant within this State; provided, ***that not later than 7 days following the filing of the return of services of process in the court in which the civil action is commenced . . . the plaintiff or a person acting in the plaintiff's behalf shall send by registered mail to the nonresident defendant . . . a notice consisting of*** a copy of the process and complaint served upon the Secretary of State and the statement that service of the original of such process has been made upon the Secretary of State of this State, and that ***under this section*** such service is as effectual to all intents and purposes as if it had been made upon such nonresident personally within this State.

DEL. CODE ANN. tit. 10, § 3104(d) (2008) (emphasis added). The mailing of the registered letter to the nonresident defendant within 7-days following the filing of the return of service on the Delaware Secretary of State, satisfying all procedural requirements in Section 3104(d), is a pre-condition to a court's exercise of personal jurisdiction. Absent compliance with these statutory requirements, "there is no effective service of process" and "[t]here is no judicial cure for this defect." *Coston*, 2004 Del. Super. LEXIS 345, at *4.

Here, MI's registered mailings to NDT and Walker did not comply with Delaware's Long-Arm Statute. While it appears that MI intended to perfect service through Delaware's Long-Arm Statute, MI's registered mailings advise NDT and Walker that service was perfected pursuant to Delaware's Nonresident Motor Vehicle Statute. *See* Rostocki Dec., Exhibit A. Thus, MI did not comply with the explicit requirement under Section 3104(d) that the registered mailings to NDT and Walker state that service upon the Delaware Secretary of State was perfected under Delaware's Long-Arm Statute — not Delaware's Nonresident Motor Vehicle Statute. *See* DEL. CODE ANN. tit. 10, § 3104(d) (2008) (the registered mailing must state that

16

"***under this section*** such service is as effectual . . . as if it had been made upon such nonresident personally within this State.") (emphasis added).  Because service was not perfected pursuant to the express requirements of Delaware's Long-Arm Statute, this action must be dismissed.[3]

---

[3]  In any event, for the reasons stated above, MI's reliance on either Delaware's Long-Arm Statute or Nonresident Motor Vehicle Statute as a basis for the Court exercising jurisdiction over NDT and Walker is misplaced and should be rejected.

## V.    CONCLUSION

For the reasons set forth above, NDT and Walker respectfully request that this Court

dismiss the Third Party Complaint pursuant to Rules 12(b)(2) and (b)(5) of the Federal Rules of

Civil Procedure.

Dated:   February 1, 2008                          FISH & RICHARDSON P.C.


                                        By:   */s/ William J. Marsden, Jr.*
                                              William J. Marsden, Jr. (#2247)
                                              Stamatios Stamoulis (#4606)
                                              Brian M. Rostocki (#4599)
                                              919 N. Market Street, Suite 1100
                                              P.O. Box 1114
                                              Wilmington, DE 19899
                                              Telephone: (302) 652-5070
                                              Facsimile: (302) 652-0607
                                              Email:  marsden@fr.com
                                              Email:  stamoulis@fr.com
                                              Email:  rostocki@fr.com

                                              *Attorneys for NDT Equipment Services Ltd. and
                                              Mike Walker*