IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 07-346 (SLR) |
| v. | ) ) | |
| MECHANICAL INTEGRITY, INC. | ) ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF BRIAN M. ROSTOCKI

I, Brian M. Rostocki, declare as follows:

1. I am an associate of Fish & Richardson P.C., counsel for NDT Equipment Services Ltd. ("NDT") and Mike Walker ("Walker"). I am a member of the Bar of the State of Delaware and of this Court. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them it called upon to do so.

2. True and correct copies of the December 14, 2007 letters from Louis J. Rizzo, Jr., Esq. to NDT and Walker are attached as Exhibit A.

3. A true and correct copy of the Notice of Lawsuit and Request for Waiver of Third Party Summons is attached as Exhibit B.

4. A true and correct copy of the January 3, 2008 letter from William J. Marsden, Jr., Esq. to Louis J. Rizzo, Jr., Esq. is attached as Exhibit C.

5. A true and correct copy of the January 23, 2008 letter from Louis J. Rizzo, Jr., Esq. to William J. Marsden, Esq. is attached as Exhibit D.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Brian M. Rostocki (#4599)

Dated: January 31, 2008

# EXHIBIT A

# Reger Rizzo Kavulich & Darnall LLP
ATTORNEYS AT LAW

*Rec 2nd Jan 2008*

SUITE 202
1001 N. JEFFERSON STREET
WILMINGTON, DE 19801
TEL: 302.652.3611
FAX: 302.652.3620
www.rrkdlaw.com

LOUIS J. RIZZO, JR.
E-MAIL: *lrizzo@rrkdlaw.com*

December 14, 2007

**BY REGISTERED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Mike Walker
157 Central Avenue
Billingham, United Kingdom  TS23 1LF

> Re:   **E.I. du Pont de Nemours and Company v. Mechanical Integrity, Inc.**
> **v. Mike Walker and NDT Equipment Services Ltd.**
> **Case No.: 07-346 SLR**
> **Our File No.: 07-866**

Dear Mr. Walker:

Enclosed for your information is a copy of the Third Party Complaint which has been filed against you in the United States District Court for the District of Delaware. Also enclosed is a copy of the Third Party Summons served on the Secretary of the State of Delaware.

Please be advised that under 10 *Delaware Code* §3112, service upon the Secretary of State is as effectual to all intents and purposes as if it had been made upon you personally.

You have 60 days from the date of service in which to file an Answer to the Complaint. Failure to answer within 60 days, excluding the day of service, will result in a default judgment being entered against you.

Please advise your insurance provider immediately of this Complaint against you and address any questions you have regarding this matter to them.

Very truly yours,

REGER RIZZO KAVULICH & DARNALL LLP

Louis J. Rizzo, Jr., Esquire

LJR:tah
Enclosures



**Reger  
Rizzo  
Kavulich  
& Darnall** LLP  
ATTORNEYS AT LAW

Rec 7th Jan 2008

SUITE 202  
1001 N. JEFFERSON STREET  
WILMINGTON, DE 19801  
TEL: 302.652.3611  
FAX: 302.652.3620  
www.rrkdlaw.com

LOUIS J. RIZZO, JR.  
E-MAIL: lrizzo@rrkdlaw.com

December 14, 2007

**BY REGISTERED MAIL**  
**RETURN RECEIPT REQUESTED**

NDT Equipment Services Ltd.  
157 Central Avenue  
Billingham, United Kingdom  TS23 1LF

    Re:    <u>E.I. du Pont de Nemours and Company v. Mechanical Integrity, Inc.</u>  
            <u>v. Mike Walker and NDT Equipment Services Ltd.</u>  
            **Case No.: 07-346 SLR**  
            **Our File No.: 07-866**

Dear Sir or Madam:

    Enclosed for your information is a copy of the Third Party Complaint which has been filed against you in the United States District Court for the District of Delaware. Also enclosed is a copy of the Third Party Summons served on the Secretary of the State of Delaware.

    Please be advised that under 10 *Delaware Code* §3112, service upon the Secretary of State is as effectual to all intents and purposes as if it had been made upon you personally.

    You have 60 days from the date of service in which to file an Answer to the Complaint. Failure to answer within 60 days, excluding the day of service, will result in a default judgment being entered against you.

    Please advise your insurance provider immediately of this Complaint against you and address any questions you have regarding this matter to them.

                              Very truly yours,

                              REGER RIZZO KAVULICH & DARNALL LLP

                              Louis J. Rizzo, Jr., Esquire

LJR:tah  
Enclosures

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No.: 07-346 SLR |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| MECHANICAL INTEGRITY, INC., | ) ) | |
| Defendant/Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| MIKE WALKER AND NDT EQUIPMENT SERVICES LTD., | ) ) ) | |
| Third Party Defendant. | ) | |

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF THIRD PARTY SUMMONS

**TO:  NDT Equipment Services Ltd.
157 Central Avenue
Billingham, United Kingdom TS23 1LF**

A lawsuit has been commenced against NDT Equipment Services Ltd. A copy of the Third Party Complaint is attached to this Notice. It has been filed in the United States District Court for the District of Delaware and has been assigned docket number 07-346 SLR.

This is not a formal Third Party Summons or notification from the Court, but rather my request that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial Third Party Summons and an additional copy of the Third Party Complaint. The cost of services will be avoided if I receive a signed copy of the Waiver within sixty (60) days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the Waiver is also attached for your records.

If you comply with this request and return the signed Waiver, it will be filed with the Court and no Third Party Summons will be served on you. The action will then proceed as if you had been served on the date the Waiver is filed, except that you will not be obligated to answer the Third Party Complaint before sixty (60) days from the date designated as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed Waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the Court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the Third Party Summons, which is set forth at the foot of the Waiver form.

If affirm that this request is being sent to you on behalf of the Defendant/Third Party Plaintiff, this 9th day of November, 2007.

REGER RIZZO KAVULICH & DARNALL LLP

Louis J. Rizzo, Jr., Esquire
Delaware Bar I.D. No. 3374
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant/Third Party Plaintiff
Mechanical Integrity, Inc.

Dated: November 9, 2007

cc: Kathleen Furey McDonough, Esquire
    Sarah E. DiLuzio, Esquire

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No.: 07-346 SLR |
| v. | ) ) | JURY TRIAL DEMANDED |
| MECHANICAL INTEGRITY, INC., | ) ) ) | |
| Defendant/Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| MIKE WALKER AND NDT EQUIPMENT SERVICES LTD., | ) ) ) | |
| Third Party Defendant. | ) | |

## WAIVER OF SERVICE OF THIRD PARTY SUMMONS

TO:  **NDT Equipment Services Ltd.**
 **157 Central Avenue**
 **Billingham, United Kingdom TS23 1LF**

I, _____, as authorized representative of NDT Equipment Services, Ltd., acknowledge receipt of Defendant's Third Party Complaint against Mike Walker and NDT Equipment Services Ltd., that I waive service of Third Party Summons in the action of E.I. du Pont de Nemours and Company v. Mechanical Integrity, Inc. v. Mike Walker and NDT Equipment Services Ltd. in the United Stated District Court for the District of Delaware.

NDT Equipment Services Ltd. has also received a copy of Defendant's Third Party Complaint against Mike Walker and NDT Equipment Services Ltd. in the action, two copies of this instrument, and a means by which I can return the signed Waiver to you without cost to me.

NDT Equipment Services Ltd. agrees to save the cost of service of a Third Party Summons and an additional copy of the Third Party Complaint in this lawsuit by not requiring that NDT Equipment Services Ltd. be served with judicial process in this manner provided by Rule 4.

NDT Equipment Services Ltd. will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the Third Party Summons or in the service of the Third Party Summons.

NDT Equipment Services Ltd. understands that a judgment may be entered against them if an answer or motion under Rule 12 is not served upon you within sixty (60) days after ninety (90) days after that date if the request was sent outside the United States.

 

**As Authorized Representative of<br>NDT Equipment Services Ltd.**

Date: _____

### Duty to Avoid Unnecessary Costs of Service of Third Party Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the Third Party Summons and Third Party Complaint. A defendant/third party defendant located in the United States who, after being notified of an action and asked by plaintiff/third party plaintiff located in the United States to waive service of Third Party Summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the Waiver.

It is not good cause for failure to waive service that a party believes that the Third Party Complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the Third Party Summons retains all defenses and objections (except any relating to the Third Party Summons or to the service of the Third Party Summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

# EXHIBIT C

# Fish & Richardson p.c.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

William J. Marsden, Jr.
302 778-8401

Email
marsden@fr.com

January 3, 2008

Louis J. Rizzo, Jr., Esquire
REGER RIZZO KAVULICH & DARNALL LLP
1001 Jefferson Plaza, Suite 202
Wilmington, Delaware 19801

Re: *E.I. du Pont de Nemours and Co. v. Mechanical Integrity, Inc.,*
D. Del., C.A. No. 07-346 SLR

Dear Louis:

We have been retained by NDT Equipment Services, Ltd. ("NDT") and Mike Walker in connection with the above-referenced matter. We have reviewed the Third Party Complaint filed by Mechanical Integrity, Inc. ("MI") against NDT and Mr. Walker (the "Third Party Complaint"), as well as MI's Notice of Lawsuit and Request for Waiver of Third Party Summons (the "Request for Waiver"). NDT and Mr. Walker will not waive service and, for the reasons set forth below, we demand that you immediately dismiss the Third Party Complaint.

The Third Party Complaint and Request for Waiver repeatedly refer to Mr. Walker as a sole proprietor doing business as NDT. Mr. Walker is not the sole proprietor of NDT. Rather, Mr. Walker is simply one of five directors of NDT. A "reasonable inquiry," as required by Rule 11(b) of the Federal Rules of Civil Procedure prior to filing the Third Party Complaint, should have uncovered this basic and vital fact. *See* FED. R. CIV. P. 11(b). Thus, there is no factual support for your claims against Mr. Walker in his individual capacity.

Furthermore, neither NDT nor Mr. Walker is subject to jurisdiction in Delaware, and you have alleged no factual basis to support personal jurisdiction. There is no contract between MI and NDT or Mr. Walker pursuant to which NDT or Mr. Walker consented to jurisdiction or service of process in Delaware. Furthermore, NDT and Mr. Walker have no contacts whatsoever with Delaware – let alone any contacts that are reasonably related to this action. Thus, there is no statutory basis for any Delaware court to exercise jurisdiction over NDT or Mr. Walker, and subjecting NDT or Mr. Walker to jurisdiction in Delaware would clearly violate their due process rights. *See Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 642-43 (D. Del. 2006) (granting motion to dismiss for lack of personal jurisdiction, finding that the plaintiff failed allege facts sufficient to "establish personal jurisdiction . . . sufficient to satisfy two requirements, one statutory and one constitutional."); *URS*

FISH & RICHARDSON P.C.

Louis J. Rizzo, Jr., Esquire
January 3, 2008
Page 2

*Corp. v. Lebanese Co. for the Dev. and Reconstruction of Beirut, Central Dist. SAL*, 512 F. Supp. 2d 199, 216-17 (D. Del. 2007) (same).

We therefore demand that MI immediately dismiss its Third Party Complaint against NDT and Mr. Walker. If you do not do so, when our clients are properly served, we will move to dismiss and will seek to recover our attorneys' fees for the motion. *See* FED. R. CIV. P. 11(c).

Very truly yours,

William J. Marsden, Jr.

80053254.doc

# EXHIBIT D



**Reger Rizzo Kavulich & Darnall** LLP
ATTORNEYS AT LAW

SUITE 202
1001 N. JEFFERSON STREET
WILMINGTON, DE 19801
TEL: 302.652.3611
FAX: 302.652.3620
www.rrkdlaw.com

LOUIS J. RIZZO, JR.
E-MAIL: lrizzo@rrkdlaw.com

January 23, 2008

**VIA HAND DELIVERY**

William J. Marsden, Esquire
Fish & Richardson P.C.
919 North Market Street, Suite 1100
Wilmington, DE 19801

Re: <u>E.I. du Pont De Nemours and Company v. Mechanical Integrity, Inc. v. Mike Walker and NDT Equipment Services, Inc.</u>
Our File No.: 07-866

Dear Mr. Marsden:

I am in receipt of your recent correspondence regarding the above-referenced matter. In your letter, you indicate that Mr. Walker was a director of NDT and as such, should not be included as an individual defendant in the case. If you can confirm for me in writing that all the actions taken by Mr. Walker in connection with the work performed at the du Pont facility which is the subject of this lawsuit were performed in the course and scope of his duties with NDT Equipment Services, Ltd. and none was performed in his individual capacity, my client can voluntarily dismiss the claims against him individually. Of course, providing such written confirmation will not constitute waiver of your personal jurisdiction or service defenses, and I will agree by this writing that those defenses would be preserved.

I am discussing the personal jurisdiction issue which you raised in your letter with my client. I will communicate my client's position on this issue promptly. It would appear that, even if successful on the personal jurisdiction defense, your client would simply be faced with defending the same suit in another jurisdiction which would simply result in increased costs and expenses related to coordinating discovery in the two related cases. Please advise if your client would be willing to waive any personal jurisdiction defense in response to these practical considerations.

I look forward to speaking with you in the near future. Thank you for your kind attention to this matter.

Very truly yours,
REGER RIZZO KAVULICH & DARNALL LLP

Louis J. Rizzo, Jr., Esquire

LJR:tah

PHILADELPHIA PA    HARRISBURG PA    SCRANTON PA    WEST CHESTER PA    MOUNT LAUREL NJ    WILMINGTON DE    BALTIMORE MD    WHITE PLAINS NY