IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 07-346 SLR |
| MECHANICAL INTEGRITY, INC., | ) ) ) | |
| Defendant. | ) | |

**STIPULATION AND ORDER GOVERNING THE PRODUCTION
AND USE OF CONFIDENTIAL INFORMATION**

WHEREAS, in the course of this litigation disclosure has been sought of information that a Party regards as being of a confidential, financial, business, technical, trade secret, and/or proprietary nature; and

WHEREAS, the Parties hereto desire to establish a mechanism to protect the disclosure of such confidential, financial, business, technical, trade secret, and/or proprietary information in this litigation.

IT IS HEREBY STIPULATED AND AGREED, pursuant to Fed. R. Civ. P. 26, by and between counsel for the Parties, subject to the approval of the Court, that the following Stipulated Confidentiality Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the Parties and any non-parties to this action (the "Action") in connection with discovery in the Action (such information hereinafter referred to as "Discovery Material"), and also shall govern the filing of certain information under seal and certain other matters in connection with this Action.

1. For purposes of this Stipulated Confidentiality Order, "Confidential" shall include any type of information which the Designating Party believes in good faith to constitute, contain, reveal or reflect confidential, financial, business, technical, trade secret, and/or proprietary information, the disclosure of which would give another entity an unfair competitive advantage and/or expose third parties to annoyance, embarrassment, or oppression.

2. For purposes of this Stipulated Confidentiality Order, "Attorneys Only-Confidential" shall be any type of information which the Designating Party believes in good faith to constitute, contain, reveal or reflect highly confidential, financial, business, technical, trade secret, and/or proprietary information, the disclosure of which will likely cause harm to the Designating Party. "Attorneys Only-Confidential" information may be disclosed only to those individuals as provided for in Paragraph nine (9) of this Stipulated Confidentiality Order.

3. "Confidential Information" refers to all information which is subject to the designation "Confidential" or "Attorneys Only-Confidential," as described above.

4. Any party or person involved in this litigation may, in good faith, designate as "Confidential Information" material or information disclosed, produced, or filed by that party or person in the course of this litigation. Said designation shall be done in the manner hereinafter set forth in Paragraphs 5,6,7, and 8, or by written agreement of the parties at any time.

5. All or any part of a document or a tangible item disclosed, produced or filed by any party or person in the litigation may be designated as "Confidential Information" by the disclosing party or person by marking the words "Confidential" or "Attorneys Only-Confidential" on the face of the original of the document and each page so designated, or on the face of the photocopy of the document delivered by the disclosing party or person to the party to which the document is produced, and on the photocopies of each page so designated, or in the case of electronic data (*e.g.*

floppy disks, DVD, or CD-Rom), by the disclosing party or person placing the "Confidential" or "Attorneys Only-Confidential" legend on the surface of the floppy disk, DVD, CD-Rom, or jewel box containing the CD-Rom. All or any part of a tangible item disclosed, produced, or filed by any party or person in the litigation may be designated as "Confidential Information" by the disclosing party or person by marking the words "Confidential" or "Attorneys Only-Confidential" on the face of the tangible item, if practicable, or by delivering to the party to which disclosure is made, at the time of filing, disclosure, or production, written notice that such tangible item is "Confidential" or "Attorneys Only-Confidential."

   6. Any person or entities that are neither parties nor directors, officers, employees and/or agents of parties that are giving deposition testimony in this litigation may designate any appropriate portion of the transcript thereof, or deposition exhibits produced by the witness during or after the deposition or any appropriate portion thereof, as "Confidential Information," subject to the provisions of this Stipulated Confidentiality Order, provided the witness or counsel for the witness discloses the basis for such designation at the time of the designation. In addition, any party may so designate part or all of any deposition transcript, or part or all of any deposition exhibit, as "Confidential Information" at the time of the deposition, or within thirty (30) days after the deposition transcript is available.

   (a) For testimony orally designated as being "Confidential" or "Attorneys Only-Confidential" at the time the testimony is given, the original and all copies of the "Confidential" or "Attorneys Only-Confidential" portions of the transcript of any such testimony shall be separately bound and marked by the Court Reporter with the legend "CONFIDENTIAL" (or "ATTORNEYS ONLY-CONFIDENTIAL") INFORMATION SUBJECT TO STIPULATED

3

CONFIDENTIALITY ORDER." Such transcript and testimony shall be disclosed and used only in accordance with the provisions of this Stipulated Protective Order.

(b) At the request of Counsel for the designating party supplying the "Confidential" or "Attorneys Only-Confidential" Information, only persons entitled under paragraph nine (9) hereinafter to "Confidential" or "Attorneys Only-Confidential" Information shall be permitted to attend that portion of a deposition or hearing wherever or whenever any such "Confidential" or "Attorneys Only-Confidential" Information of such designating party is used or elicited from the deponent or witness.

(c) Failure to designate and/or mark transcript or testimony as "Confidential" or "Attorneys Only-Confidential" shall not preclude the designating party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such transcript or testimony so designated. Such designation and request shall be made in writing within thirty (30) days after the deposition transcript is available. After such designation, such transcripts or testimony, or information shall be fully subject to this Stipulated Confidentiality Order.

(d) The entire deposition, if designated "Confidential" or "Attorneys Only-Confidential", or portions thereof, if the entire deposition is not designated as "Confidential" or "Attorneys Only-Confidential", if filed with the Court, shall be filed under seal in accordance with Fed. R. Civ. P. 26, the Local Rules, CM/ECF Administrative Procedures and the terms of this Stipulated Confidentiality Order.

7. Subject to the provisions of Paragraphs 1, 2 and 3, all or any part of responses to interrogatories or to requests for admission or for production of documents may be designated as "Confidential" or "Attorneys Only-Confidential" by the responding party by marking the words

"Confidential" or "Attorneys Only-Confidential" on the face of the response and each page so designated. If any such response contains "Confidential Information" of another party, the responding party shall designate the response as "Confidential" or "Attorneys Only-Confidential".

8.  Portions of court records that contain "Confidential Information" may be designated as "Confidential Information" by the party or parties filing said court record by marking the words "Confidential" or "Attorneys Only-Confidential" on each page of the court record containing "Confidential Information." Court records containing "Confidential Information" shall be filed by the parties as follows:

(a)  Any court record which contains "Confidential Information" shall be filed in accordance with Fed. R. Civ. P. 26, the Local Rules and CM/ECF Administrative Procedures;

(b)  Consistent with CM/ECF Administrative Procedure (G), documents ordered to be placed under seal must be filed in hard copy in the traditional manner, rather than electronically. Redacted versions of the sealed documents shall be filed electronically within five (5) business days of the filing of the sealed document. Unless otherwise ordered, courtesy copies of redacted versions of sealed documents shall not be filed. Such paper containing "Confidential" or "Attorneys Only-Confidential" Information shall be enclosed and filed in a sealed envelope or container identifying the enclosed document and bearing the caption of this case and a notice substantially as follows:

> CONFIDENTIAL (ATTORNEYS ONLY-CONFIDENTIAL)
> SUBJECT TO PROTECTIVE ORDER
>
> This envelope or container holds information of (name of party) filed under seal pursuant to a Stipulated Confidentiality Order and is not to be opened except by direction of the Court or by written consent of (name of party).

(c)  Any party who objects to the continued restriction on public access to any such filing shall give written notice of its objection to the party or person seeking confidential

treatment of the filing. To the extent the designating party or person seeks to continue the restriction on public access to the filing, it shall serve and file an application which sets forth the grounds for such continued restriction within seven (7) days after receipt of such written notice. This application shall also request a judicial determination whether good cause exists for the continued confidential treatment of the filing.

(d) In the absence of timely compliance with the provisions of subpart (c) of this paragraph by the designating party, the restriction on public access to the contested filing is automatically lifted and the filing may thereafter be publicly disclosed. The Clerk of the Court shall promptly unseal any filing where the designating party has not timely complied with the provisions of subpart (c) of this paragraph.

9. Documents or information designated as "Confidential Information" and/or any information derived therefrom may be disclosed or made available by counsel for the Party receiving such information on a need-to-know basis, as follows:

(a) Documents or information designated as "Confidential" and/or any information derived therefrom may be disclosed or made available by counsel for the Party receiving such information on a need-to-know basis, only to:

i. attorneys of record in this Action, members of their firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services such as translators and interpreters);

ii. any non-party support services including, but not limited to, outside copying services, and document imaging and database services, graphics or design

services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this Action;

        iii.    experts or consultants, together with their clerical personnel, who are retained by a Party in connection with preparation for trial or trial in this Action, provided that the following conditions are met. Before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute and deliver to the attorney of record making the disclosure a written Certificate of Confidentiality, in the form attached hereto as Exhibit A;

        iv.    the Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court;

        v.    in-house counsel for the receiving party, and such counsel's support and clerical staff;

        vi.    outside trial counsel and outside attorneys of record for the parties, members of their firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services such as translators and interpreters);

        vii.    representatives of any professional or general liability insurer who may provide coverage for any of the claims involved in the Action;

        viii.    any other person only upon order of the Court or upon stipulation of the Designating Party, provided the person executes and delivers to the attorney of record making the disclosure a written Certificate of Confidentiality, in the form attached hereto as Exhibit A; and

    ix.  any other person upon whom the parties agree in writing.

 (b) Documents or information designated as "Attorneys Only-Confidential" and/or any information derived therefrom may be disclosed or made available by counsel for the Party receiving such information on a need-to-know basis, only to:

    i.  those persons identified in paragraph 9(a) i, ii, iii and iv above;

    ii.  designated in-house counsel provided that such persons shall keep any material designated as "Attorneys Only-Confidential" in a secure depository (or functional equivalent) to which only such in-house representatives and their support and clerical staff have access;

    iii.  any other persons with the prior written consent of the party or non-party that designated such particular documents, testimony or information as "Confidential" or "Attorneys Only-Confidential; and

    iv.  other persons with the prior authorization of the Court.

10. "Confidential Information" may be disclosed to the Court in connection with any filing or proceeding in this Action, but the party or person disclosing it shall cause the "Confidential Information" to be filed under seal in accordance with Paragraph eight (8) above.

11. Nothing in this Stipulated Confidentiality Order shall be construed in any way to control the use, dissemination, publication or disposition by a party or person: (a) of documents or information existing in the files of that party or person, as a result of previous discovery, prior to the date of the Stipulated Confidentiality Order; or (b) of documents or information received at any time by that party or person outside the course of the discovery process in this Action. The confidential status, if any, of such documents or information shall be determined without respect to this Stipulated Confidentiality Order. Notwithstanding the above provisions in this paragraph, any

document that is in a party's possession solely by reason of its production as part of settlement negotiations between the parties or their predecessor-in-interests is to be treated as "Confidential Information" and subject to the terms of this order.

12. Nothing in this Stipulated Confidentiality Order shall be construed in any way as a finding that the "Confidential Information" does or does not constitute or contain confidential, financial, business, technical, trade secret, proprietary or other sensitive material. Any party or person may object, in writing, to the designation by another party or person of any information or material as "Confidential Information." Within fourteen (14) days of receipt of such objection, the party or person seeking protection shall, by motion, apply to the Court for a ruling, based upon a showing of good cause, that the information or material shall be treated as "Confidential Information." The party or person whose designations have been objected to also may move within fourteen (14) days to be given a reasonable time for reviewing the designated material to determine which documents, if any, will not be the subject of a good cause motion. If no motion is filed within such period, the information or material shall not be treated as "Confidential Information." If a motion is filed within such period, unless and until this Court enters an order to the contrary, the information or material shall be treated as "Confidential Information."

13. If a producing party or person produces information or documents that it considers "Confidential Information," in whole or in part, without the required designations, it may designate such information or documents or parts thereof after production, subject to the provisions of Paragraphs 1, 2 and 3 above, as "Confidential Information" as follows:

   (a) The producing party or person: (i) must give written notice to all parties who received copies of the produced document that the producing party or person claims said document, in whole or in part, to be "Confidential Information;" and (ii) must furnish labeled

copies of the produced document designated as "Confidential" or Attorneys Only-Confidential" to all parties; and

(b) Upon receipt of such notice and labeled copies, all parties who have received unlabeled copies of the produced documents shall either promptly return all unlabeled copies to the producing party or person or certify to the producing party or person that all unlabeled copies have been destroyed.

14. This Stipulated Confidentiality Order and the agreements embodied herein shall survive the termination of this Action and continue in full force and effect.

15. Upon termination of this Action by judgment, and the expiration of any and all appeals therefrom, or by settlement or other final disposition, each party shall within one hundred and twenty (120) days return to counsel for a producing party or person all "Confidential Information" received from such party or persons including all copies, prints, electronic material, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants, or in the alternative, within one hundred and twenty (120) days certify to counsel for a producing party or person that all such "Confidential Information" either has been destroyed, or will be retained pursuant to this paragraph (b) below, provided that:

(a) the attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing "Confidential Information;" but any such retained "Confidential Information," litigation documents and memoranda shall be used for the purpose of preserving a file on this Action, and shall not, without the written permission of the disclosing entity or an order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Stipulated

Confidentiality Order, during the course of this action or the persons or entities identified in Paragraph nine (9); and,

(b) any party may retain "Confidential Information" that it is legally obligated to maintain, but only for the time period required by any such law or regulation; and

(c) the non-producing party agrees that all "Confidential Information," including in electronic format, will be maintained in compliance with the terms of this Stipulated Confidentiality Order. The non-producing party shall abide by the requirements of this Confidentiality Order when disclosing any "Confidential Information."

16. Nothing herein shall prevent any party who has received documents, transcripts or interrogatory answers designated as "Confidential Information" from producing or disclosing in any other matter such "Confidential Information" in response to a lawful subpoena or other compulsory process; provided that any recipient of a subpoena or other compulsory process shall, as soon as reasonably practicable, and in no case less than ten (10) business days before production is due, give notice thereof to the parties' counsel in this action by telephone and facsimile or electronic transmission, and shall furnish each counsel with a copy of the subpoena or other compulsory process so as to afford the producing party an opportunity to seek relief therefrom.

17. The provisions of this Stipulated Confidentiality Order shall not serve as a basis for any party to assert a waiver by any other party of its right to refuse to produce documents or information requested in discovery. The rights of all parties to assert any objection to a discovery request or to assert any privilege that protects a party from discovery of documents or information are fully reserved.

18. This Stipulated Confidentiality Order may be amended by the Court to prevent manifest injustice and shall be amended to conform to any future amendments of the Federal and

Local Rules of Civil Procedure and the CM/ECF Administrative Procedures relating to the subject matter of this Stipulated Confidentiality Order. Additional confidentiality orders may also be entered whenever deemed appropriate by the Court.

**STIPULATED AND AGREED TO BY:**

POTTER ANDERSON & CORROON LLP

*/s/ Sarah E. DiLuzio*

Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
(302) 984-6000
*Attorneys for Plaintiff*
*E. I. du Pont de Nemours and Company*

REGER RIZZO KAVULICH & DARNALL LLP

_____
Louis J. Rizzo, Jr., Esquire (#3374)
1001 N. Jefferson Street, Suite 202
Wilmington, Delaware 19801
*Attorneys for Defendant Mechanical Integrity, Inc.*

Dated: January 30, 2008

## ORDER

IT IS SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Sue L. Robinson

821958v1/20120-435

EXHIBIT A
## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-346 SLR |
| MECHANICAL INTEGRITY, INC., | ) ) ) | |
| Defendant. | ) | |

### COMMITMENT OF QUALIFIED PERSON
### PURSUANT TO CONFIDENTIALITY ORDER

I hereby affirm that: (1) I have received and read a copy of the Stipulated Confidentiality Order entered herein by the Parties and/or the Court; (2) I understand the terms thereof and agree to be bound thereby; and (3) I am aware that a violation of such Order may result in a finding of contempt of Court.

In addition, I agree that if I am subpoenaed or otherwise requested in any litigation or dispute to testify regarding Confidential Information, or to otherwise disclose such Confidential Information, as that term is used in the captioned matter, I agree to be bound by the terms of the above-referenced Stipulated Confidentiality Order to the extent allowed by the law, and I shall give immediate notice of such subpoena or request to the counsel in the captioned matter who disclosed or provided access to such Confidential Information to me and to each of the following persons:

| | |
|---|---|
| Kathleen Furey McDonough, Esquire<br>Sarah E. DiLuzio, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, Delaware 19801<br>302-984-6000<br>*Attorneys for Plaintiff* | Louis J. Rizzo, Jr., Esquire<br>REGER RIZZO KAVULICH & DARNALL LLP<br>1001 N. Jefferson Street<br>Suite 202<br>Wilmington, Delaware 19801<br>302-652-3611<br><br>*Attorneys for Defendant* |

Date:_____            _____
                                        Signature

821958